IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**JEREMIAH THOMAS HAIR**                                                          **PLAINTIFF**

**VERSUS**                          **CIVIL ACTION NO. 4:25-cv-00110-HSO-BWR**

**CITY OF GREENVILLE, et al.**                                        **DEFENDANTS**

## **ORDER**

BEFORE THE COURT are four Motions filed by *pro se* Plaintiff Jeremiah Thomas Hair: (1) Motion [3] for Service of Process by the US Marshals Service, (2) Motion [4] to Appoint Counsel, (3) Motion [5] to Compel, and (4) Motion [17] for Extension of Time to Comply with IFP Requirements. Each will be addressed in turn.

### I.     Motion [3] for Service of Process by the US Marshals Service

Plaintiff asks the Court to require the U.S. Marshals Service to serve each named Defendant with a copy of the summons and complaint because he is incarcerated and is "unable to personally serve" them. Mot. [3] at 2. But the Court is still in the process of screening this case under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915, *et seq.* Therefore, Plaintiff's request for service of process is premature at this time. If the case proceeds beyond the screening phase, his request for service of process may be renewed.

### II.     Motion [4] to Appoint Counsel

Plaintiff next asks the Court to appoint counsel to represent him for four reasons. Mot. [4] at 1-2. First, Plaintiff "is currently incarcerated and lacks the financial means to retain private counsel." *Id.* at 1. Second, Plaintiff has alleged a

1

number of complex constitutional violations, and he believes that he has "demonstrated a likelihood of success on the merits." *Id.* at 1-2. Third, Plaintiff suffers from a pair of mental-health conditions that "impair[s] his ability to navigate complex litigation without assistance." *Id.* at 1. Finally, "[t]he issues involved in this case are legally and factually intricate and will require discovery, potential expert testimony, and evidentiary hearings." *Id.* at 2.

The Fifth Circuit Court of Appeals "has stated that '[a] § 1983 plaintiff, even if demonstrably indigent, is not entitled to appointed counsel as a matter of right.'" *Thompson v. Tex. Dep't of Criminal Justice*, 67 F.4th 275, 283 (5th Cir. 2023) (quoting *Naranjo v. Thompson*, 809 F.3d 793, 799 (5th Cir. 2015)). "An indigent plaintiff must first demonstrate that the claims raised meet 'a threshold level of plausibility' and then show 'exceptional circumstances.'" *Id.* (quoting *Naranjo*, 809 F.3d at 799). There is no "comprehensive definition of exceptional circumstances," *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982) (quotation omitted), but the Fifth Circuit has supplied the following factors to consider when determining whether exceptional circumstances exist:

> 1. the type and complexity of the case; 2. the petitioner's ability to present and investigate his case; 3. the presence of evidence which largely consists of conflicting testimony so as to require skill in presentation and in cross-examination; and 4. the likelihood that appointment will benefit the petitioner, the court, and the defendants by shortening the trial and assisting in just determination.

*Naranjo*, 809 F.3d at 799 (citing *Parker v. Carpenter*, 978 F.2d 190, 193 (5th Cir. 1992)).

2

Without passing on the plausibility of Plaintiff's claims, the balance of these factors shows that no exceptional circumstances exist. To start, Plaintiff is advancing claims that are not overly complex—*i.e.*, that he was falsely arrested and incarcerated and suffered procedural irregularities at trial. The Court is familiar with claims like this and adjudicates similar claims often. Moreover, Plaintiff has demonstrated his ability to present his claims coherently. He has presented the Court with understandable pleadings, he timely responds to Court Orders, and he demonstrates knowledge of Court procedure by making his requests by motion. And the Court does not anticipate that Plaintiff's incarceration, or his current housing assignment, will disrupt his ability to litigate this case; the ordinary mechanisms of discovery will be available to him at the appropriate time, and he may re-urge his request for appointed counsel if the case proceeds to trial.

The Court thus concludes that there are no exceptional circumstances that warrant the appointment of counsel in this case and that a just determination can be reached if Plaintiff proceeds *pro se*. His request for appointment of counsel is denied right now.

### III. Motion [5] to Compel

Next, Plaintiff asks the Court "to enter an order compelling the production of discovery and preservation of key evidence relevant to Plaintiff's claims." Mot. [5] at 1. Again, though, the Court is still screening Plaintiff's claims under the PLRA, so his request for discovery is premature at this time. Plaintiff may solicit discovery through ordinary discovery mechanisms if this case proceeds beyond the screening

3

phase.

### IV. Motion [17] for Extension of Time to Comply with IFP Requirements

Finally, Plaintiff asks the Court for an extension of 30 days within which "to complete the remaining IFP requirements." Mot. [17] at 2. Insofar as Plaintiff was granted leave to proceed *in forma pauperis* on January 6, 2026, Order [14], he has no additional "IFP requirements" to fulfill, *see* Mot. [17] at 2. Plaintiff's Motion [17] for Extension of Time to Comply with IFP Requirements will be denied as moot.

\* \* \*

**IT IS, THEREFORE, ORDERED** that Plaintiff Jeremiah Thomas Hair's Motion [3] for Service of Process by the US Marshals Service is **DENIED** without prejudice.

**IT IS, FURTHER, ORDERED** that Plaintiff's Motion [4] to Appoint Counsel is **DENIED** without prejudice.

**IT IS, FURTHER, ORDERED** that Plaintiff's Motion [5] to Compel is **DENIED** without prejudice.

**IT IS, FURTHER, ORDERED** that Plaintiff's Motion [17] for Extension of Time to Comply with IFP Requirements is **DENIED AS MOOT**.

**SO ORDERED,** this 24th day of February, 2026.

*s/ Bradley W. Rath*
BRADLEY W. RATH
UNITED STATES MAGISTRATE JUDGE